LARRY L. HILLBLOM, et al.      )      CIVIL ACTION NO. 88-0015
                              )
        Plaintiffs,           )
                              )      DECISION AND ORDER
        v.                    )
                              )
THE UNITED STATES OF AMERICA, )
et al.                        )
                              )
        Defendants.           )
_____ )

On June 27, 1988, Plaintiffs Larry Hillblom and Jose Lifoifoi filed suit against the United States of America and the Commonwealth of the Northern Mariana Islands. On August 4, 1988, plaintiffs filed a motion for a preliminary injunction. The United States included in its response to plaintiffs' motion its own motion to dismiss the complaint in its entirety. The Executive Branch of the Commonwealth Government has yet to answer and has filed and argued its motion for an extension of time in which to do so. The Commonwealth Legislature has moved to intervene or in the alternative to proceed as amicus curiae.

1.  Plaintiffs' motion for a preliminary injunction.

Plaintiffs ask this Court to order the United States to "appoint a meaningful negotiator who will bargain in good faith, pursuant to section 902 of the Covenant, to determine the parameters of section 103 of the Covenant." Plaintiffs' Memorandum of Points and Authorities in Support of Motion for

503

Preliminary Injunction, pp. 3-4. The affidavit of Becky Norton
Dunlop filed on August 11, 1988, makes it clear that the United
States has appointed her as the 902 negotiator. The case or
controversy requirement of Article III of the United States
Constitution deprives federal courts of jurisdiction to hear moot
cases. See, e.g., DeFunis v. Odegaard, 94 S.Ct. 1704, 1705 (1974).
A case becomes moot when, as here, interim events have deprived the
court of the ability to redress a party's purported injury. See,
e.g., United States v. Alder Creek Water Co., 823 F.2d 343, 345
(9th Cir. 1987); N.A.A.C.P., Western Region v. City of Richmond,
743 F.2d 1346, 1352-1353 (9th Cir. 1984). So, in as much as what
plaintiffs' seek in their motion for a preliminary injunction has
already occurred, their motion is moot. The motion for
preliminary injunction is DENIED. The Court, further, denies the
request to retain jurisdiction in this matter to assure the
exercise of good faith between the parties. If a justiciable case
or controversy arises out of these meetings, judicial intervention
may at that time be invoked.

2.  The Legislature's Motion to Intervene.

The Fifth CNMI Legislature has moved to intervene as
plaintiff or in the alternative to proceed as amicus curiae. It
argues that it has standing to intervene for two reasons:

> 1.  The direct injury caused by the United
>     States Congress' alleged practice of
>     passing laws which interfere with its
>     rights to legislate over all matters which
>     affect the internal and local affairs of

the Commonwealth. As a result, the legislature is precluded from exercising its Constitutional lawmaking power, and

2. Two of its members have been appointed to represent the Commonwealth in the 902 negotiations and the failure of the United States to appoint a representative denies them their right to participate.

When pressed by the Court in oral argument as to what, exactly, the United States Congress has done which chills the powers of the Commonwealth Legislature, the Legislature responded that:

1. The United States Congress has proposed a bill that could affect oil drilling in the seabeds in proximity to the Marianas,

2. There is a quarantine law that requires that cattle, among other livestock, be shipped through Hawaii before shipping them to the Marianas.

3. Application of the Magnusson Fishery Conservation and Management Act in the Marianas interferes with local control over the sea resources.

The Legislature maintains that the United States Congress, in its legislation, continues to pass laws which incidentally affect areas that involve uniquely local and internal concerns, and that this infringes upon areas reserved by the Covenant to the Legislature. Therefore, runs this argument, the CNMI Legislature has had its constitutional law-making power diminished.

As to the first exception, the proposed law on drilling is at this time merely that, a proposed law. It has not been enacted into law; in fact, it has not even passed both houses of

**505**

Congress. When, and if, this bill is enacted and if the Legislature still feels that the United States has infringed upon its law-making powers then the Commonwealth must decide if it can, under appropriate judicial standards, bring legal action to preserve what it perceives as its rights. Until such time as it becomes law, a challenge to that bill is not ripe, and provides no standing.

The Legislature's next exception is to the quarantine bill. Neither the Legislature nor plaintiffs identified this law by name or number. The Court independently researched the area of animal quarantine and discovered 21 U.S.C. section 102, entitled "Qua antine of Imported Animals". Upon examination of that law it is evident why the Legislature did not provide a cite to the law nor argue the merits of its alleged inapplicability: the Legislature would have to explain away the fact that the law appears clearly to apply to the Commonwealth under section 502 of the Covenant. The quarantine law was enacted August 13, 1890, almost 100 years ago. The law applies to Guam as well as the several states. See 21 U.S.C. §§ 601g(f) and (g). Since Covenant section 502(a) states that "[t]he following laws of the United States in existence on the effective date of [Section 502]"[1/], and subsequent amendments to such laws, will apply to the Northern Mariana Islands, and since subsection (2) of section 502 states that those laws include any law applicable to Guam and of general

_____

[1/] No later than 180 days after approval of the Covenant and CNMI Constitution Section 1003.

**506**

application to the several states, the quarantine law appears to fall within this definition. Consequently, under section 502, it would appear to apply to the Commonwealth. However, since this matter is not being litigated, the Court cannot and does not rule on it.

The third law cited as representative of the United States' infringement on matters of local and internal affairs is the Magnusson Fishery Conservation and Management Act (Fishery Act), P.L. 94-265. This law was enacted on April 13, 1976, and since that time there have been at least fourteen amendments to it. The purpose of the law was to provide protection, conservation, and enhancement of the fisheries of the United States. To do this it extended the exclusive fisheries zone of the United States from 12 to 200 miles and provided for the development of regional fisheries management plans and regulations within the zone. 1976 U.S. Code Cong. & Ad. News, 596. The bill defined the term "state" as used therein to include Guam and the territories and possessions of the United States.

This Court has previously faced the question of whether the Fishery Act applies in the Commonwealth. In 1979, Marianas Fisheries, Inc., et al. challenged the applicability of the law when they sued seeking a court order that it did not apply. See, Marianas Fisheries, Inc., et al. v. Kreps, CV. 79-0031. While the suit was pending, President Jimmy Carter signed Presidential Proclamation 4726. This proclamation effectively suspended the implementation of the Fishery Act in the Northern Marianas pending

**507**

termination of the Trusteeship and, therefore, mooted the controversy.[2/] Apparently, although the parties here have not articulated any precise turn of events leading to the present "controversy", the cessation of the Trusteeship arguably has triggered the applicability of the law under section 502. They argue that the inclusion of the Commonwealth within the reach of the Fishery Act would be contrary to the Covenant. The Fishery Act became law on April 13, 1976. It applies to Guam and the several states and section 502 seems to indicate that it would apply in the Commonwealth. Again, though, since this issue is not properly before the Court, no ruling can or should be made.

The Legislature's final argument is that the United States' failure to appoint a 902 negotiator deprived two of its members, appointed by the Governor to represent the CNMI, of their chance to participate in the meetings. Even if true, this does not affect the standing of the Legislature. The appointments of the legislators are separate and distinct from any role played as legislators and they cannot boot-strap their dual role as a means to support a broad grant of standing for the Legislature.

A 902 representative has been appointed and the issue is moot. For reasons which will become obvious, the Court will deny the Legislature's request to participate as amicus curiae.

---

[2/] This Court held in that case that plaintiffs' registering of their vessel under United States registry, combined with Presidential Proclamation 4726, mooted the case and, accordingly, it was dismissed. See, Marianas Fisheries, Inc. v. Kreps, 79-0031 (D.N.M.I.), (Memorandum Decision Dec. 12, 1980), aff'd No. 81-4097 (9th Cir. 1982).

3. Defendants' motion to dismiss.

The United States has moved to dismiss plaintiffs' complaint for a variety of reasons. In sum, the United States argues that plaintiffs do not have standing, that the suit is frivolous, and that the constitutional issues raised by plaintiffs merely provide a pretext for plaintiffs to air their purported grievances.

Plaintiffs' complaint is more suited to an editorial page than a courtroom. Their characterization of the United States' "position", even if supported by facts, provides no legal basis for jurisdiction in this Court. Likewise, vague allegations that the U.S. Congress continues to pass laws which improperly affect the Covenant, without the naming of even a single law in support of the complaint, borders on the frivolous.

Finally, plaintiffs apparently object to the final form of the Covenant. Nonetheless, it was negotiated over several years and approved by the voters of the Commonwealth. This is clearly a political question, not a legal one.

This lawsuit will be dismissed, with an admonition: ‑The Courts are for resolution of legitimate legal disputes. The arguments contained in plaintiffs' "complaint" are wholly political in nature. Having endured several questionable attempts by parties to achieve political goals through the subterfuge of a lawsuit, this Court advises all potential litigants that it observes the injunction of Rule 11 tht lawsuits be grounded in fact and supported by the law.

**509**

For these reasons:

Plaintiffs' motion for a preliminary injunction is DENIED;

The Legislature's motion to intervene is DENIED;

The Legislature's motion to appear as amicus curiae is DENIED; and

Defendants' motion to dismiss the complaint is GRANTED.

IT IS SO ORDERED.

DATED this 5th day of October, 1988.